UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE RIVAS, | § | |
| PETITIONER, | § | |
| | § | |
| V. | § | CIVIL ACTION No. 3:06-CV-344-B |
| | § | |
| RICK THALER, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| RESPONDENT. | § | |

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND
DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed Objections (doc. 42), and the District Court has made a de novo review of those portions of the proposed findings, conclusions and recommendation to which objection was made. For the reasons set out below, the Court **OVERRULES** the Objections and **ACCEPTS** the Findings, Conclusions and Recommendation of the United States Magistrate Judge (doc. 39) with minor corrections as set out in this order.

## I.

### INEFFECTIVE ASSISTANCE DURING CLOSING ARGUMENT

Petitioner first objects to the Recommendation regarding his claim that he was denied the effective assistance of counsel because his trial counsel failed to object to an improper closing argument by the prosecutor. (Objections at 1-2.) Specifically, Petitioner suggests that the Recommendation found that he had satisfied the deficient performance prong of the test under

- 1 -

*Strickland v. Washington*, 466 U.S. 668 (1984), but recommended the denial of this claim because of Petitioner did not prove the second prong, a lack of prejudice. (Objections at 2.)  Petitioner's assertion is incorrect.

The Recommendation relied upon binding precedent that required Petitioner to demonstrate that an objection would have been meritorious, and that any failure to object was not reasonable trial strategy, before counsel's performance may be found deficient under the first prong of the *Strickland* test for failing to object. (Recommendation at 11.)  The Recommendation then properly cited to the state court findings that the prosecutor's argument was not improper under state law, and that trial counsel's decision was a reasonable trial strategy. (*Id.*)  The Recommendation concluded that Petitioner had not and could not show that the objection would have been meritorious. (*Id.*)  Only then did the Recommendation proceed to an alternate analysis assuming *arguendo* that trial counsel erred, and found that Petitioner had not shown prejudice under *Strickland*'s second prong either. (*Id.* at 11-12.)  The Recommendation correctly addressed this claim. Petitioner's objection is overruled.

## II.

## INEFFECTIVE ASSISTANCE IN JURY SELECTION

Petitioner next asserts that the Recommendation improperly rejected his claim that trial counsel was ineffective for failing to make a "fair cross-section" objection to his jury pool under *Duren v. Missouri*, 439 U.S. 357, 363-64 (1979). (Objections at 2.)  Petitioner reurges the arguments in his original petition and brief, that trial counsel should have objected to the underrepresentation of Hispanic and young people (18 to 35) on his jury panel (Pet. Mem. at 31-43).   The Recommendation agreed with the state habeas court findings that there was no violation of *Duren* and that trial counsel was not deficient for failing to make a meritless objection. (Recommendation

at 12-15.)  Setting aside the problems with Petitioner's proof and whether young persons are a "distinctive group" under *Duren*, Petitioner's claim must fail because it does not complain of any underrepresentation in the summoning of jurors but merely that certain groups disproportionately "ignore" their jury summonses and choose "to stay home rather than report to jury service." (Pet. Mem. at 38, 40).  The Recommendation properly denied this claim, noting that "the Constitution assures due process in the summoning of a fair cross section of jurors, not in the response of those properly summoned." (Recommendation at 14.)

In his Objections, Petitioner makes the additional argument that a resolution of this claim should await a ruling by the Supreme Court in *Berghuis v. Smith*, No. 08-1402 (argued Jan. 20, 2010) in which the question involves whether to apply the comparative-disparity test to a fair cross-section claim. (Objection at 2-3.)  However, the issue before the Supreme Court has no bearing on the critical defect in this ineffective assistance claim as set forth above.  Therefore, the objection should be overruled and the claim denied.

## III.

## EXPERT TESTIMONY ON FUTURE DANGEROUSNESS

Petitioner next objects to the Recommended denial of his claim that expert testimony was improperly admitted regarding future dangerousness.  He acknowledges that this claim is foreclosed by current Circuit and Supreme Court precedent, but objects to preserve this issue for appeal. (Objections at 3.)  The objection is preserved and overruled.  The Court also makes a correction in the Recommendation as adopted.[1]

---

[1]On page 16 of the Recommendation, the pinpoint citation quoting from a footnote in *United States v. Fields*, 483 F.3d 313 (5th Cir. 2007), is corrected to cite to page 344 n.28 of that opinion.

## IV.

### INEFFECTIVE ASSISTANCE IN PUNISHMENT PHASE

Petitioner next objects to the Recommendation that his claim of ineffective assistance of counsel for failing to object to out-of-court statements by co-defendants at the punishment phase of his trial. (Objections at 4.)   The evidence established that Petitioner was one of seven Texas inmates that overtook prison guards to escape from prison and commit a string of robberies, stealing a large amount of cash and other items including forty-four firearms and ammunition. (28 State Reporter's Record "SRR" 83, 108-11.)   In his confession and in his testimony during the punishment phase, Petitioner admitted that, following the robbery of the Oshman's Supersports store in Irving, Texas on Christmas Eve 2000, he shot Officer Hawkins several times both before and after Officer Hawkins shot Petitioner, but only to subdue and not to kill the officer. (33 SRR 192-93; 43 SRR 69-71; State's Ex. 1 at 13-15.)   During cross-examination, the prosecutor confronted Petitioner with portions of the statements of co-actors regarding details of the offense and crime spree. (43 SRR 109-11, 117-25.)   Petitioner claims that his attorney was ineffective for failing to object to the prosecutor's use of these statements. (Pet. Mem. at 53-66.)

The Recommendation properly noted the state habeas court findings that trial counsel made a strategic decision to not object to this evidence. (Recommendation at 18.)   Petitioner acknowledges this, arguing that while "Defense counsel's decision may have been deliberate and thoughtful," it was not a valid trial strategy. (Objections at 4.)   On de novo review, trial counsel's strategy does not appear to have been objectively unreasonable.   "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*,

343 F.3d 746, 752-53 (5th Cir. 2003)(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

Since Petitioner had already been found guilty of capital murder, trial counsel made a strategic decision to avoid objections in order to appear completely open and honest before the jury. At the hearing in the state habeas court, trial counsel Wayne Huff testified, in part,

> We felt it was critical that the jury feel like we were being above board and open with them and that, therefore, if we started objecting to a lot of things, then we felt we would lose that impact and that effect.
>
> And we thought that the only chance we had of having one juror hold out against the death penalty was to have someone on the jury, or maybe more than one, you know, convinced that we were -- we were shooting straight and weren't trying to hide the ball.

(State Habeas Reporter's Record "SHRR" 48.)

Trial counsel believed that Petitioner's personal appearance before the jury was one of their best strengths and that, during the cross-examination, Petitioner was doing a better job of handling those statements than would have been served by lodging an objection. (*Id.* at 51-52, 104.)  Trial counsel's decision was based on a reasonable trial strategy and did not constitute deficient performance under *Strickland*'s first prong.  Further, abundant other evidence was presented in support of the special issues. *See Taylor v. Cain*, 545 F.3d 327, 337 (5th Cir. 2008).  Therefore, Petitioner could not establish the prejudice prong either.  The state court determination to deny this claim was not unreasonable or contrary to federal law, and Petitioner's objection is overruled.  The Court also makes a correction in the Recommendation as adopted.[2]

---

[2]On page 19 of the Recommendation, the quoted language from *Cupit v. Whitley*, 28 F.3d 532, 538-39 (5th Cir. 1994) is corrected to say that Petitioner is required to have "successfully established . . . *grave doubt* as to the question of whether the assumed wrongfully admitted hearsay influenced the conviction." (Emphasis

# V.

## METHOD OF EXECUTION

Petitioner objects to the Recommended denial of his claim that the Texas lethal injection protocol violates the Eighth Amendment.  (Objections at 5.)  He acknowledges that the lethal injection protocol upheld by the Supreme Court in *Baze v. Rees*, 553 U.S. 35 (2008) is substantially similar to the Texas method, but persists in making this claim.  This claim is foreclosed by current Circuit and Supreme Court precedent. *See Raby v. Livingston*, ___ F.3d ___, 2010 WL 909097 (5th Cir. 2010).  The objection is preserved and overruled.  The Court also makes a correction in the Recommendation as adopted.[3]

# VI.

## BURDEN OF PROOF ON MITIGATION

Petitioner next objects to the Recommended denial of his claim that his rights under the Sixth and Fourteenth Amendments were violated by the trial court's failure to instruct the jury as to the burden of proof regarding the mitigating factors contained in the jury charge. (Objections at 5.)  He acknowledges that this claim is foreclosed by current Circuit precedent, but objects to preserve this issue for appeal.  The objection is preserved and overruled.  The Court also makes a correction in the Recommendation as adopted.[4]

_____

in original.)

[3]On page 20 of the Recommendation, two citations is  corrected to read as follows: *Reid v. Johnson*, 333 F. Supp. 2d 543, 546-47, 553-54 (E.D. Va. 2004); *State v. Webb*, 750 A.2d 448, 450, 451 n.5 (Conn. 2000).

[4]On page 21 of the Recommendation, the pinpoint citation to *Rowell v. Dretke*, 398 F.3d 370 (5th Cir. 2005) wherein the Court of Appeals has specifically addressed and denied this argument is corrected to read as follows: *Rowell*, 398 F.3d at 377-78.

## VII.

## VAGUE TERMS IN SPECIAL ISSUES

Petitioner next objects to the Recommended denial of his claim that his due process rights were violated by the trial court's instructions to the jury with vague and undefined terms, to wit, "probability", "criminal acts of violence," and "continuing threat to society." (Objections at 5-6.) Again, he acknowledges that this claim is foreclosed by current Circuit precedent, but objects to preserve this issue for appeal.  The objection is preserved and overruled.  The Court also makes a correction in the Recommendation as adopted.[5]

## VIII.

## INSTRUCTION ON CONSEQUENCES OF FAILURE TO AGREE

Petitioner next objects to the Recommended denial of his claim that Texas law prohibiting a jury instruction as to the consequences of the jury's failure to agree on a punishment phase special issue is unconstitutional.  (Objections at 6.)  Again, he acknowledges that this claim is foreclosed by current Circuit precedent, but objects to preserve this issue for appeal.  Again, the objection is preserved and overruled.  The Court also makes a correction in the Recommendation as adopted.[6]

## IX.

## INSTRUCTION ON PAROLE ELIGIBILITY

Petitioner next objects to the Recommended denial of his claim that his due process rights were violated by the trial court's instruction to the jury that it not consider how long Petitioner

---

[5]On page 23 of the Recommendation, the pinpoint citation to the quoted language from *Tuilaepa v. California*, 512 U.S. 967 (1994), is corrected to list page number 972.

[6]On page 26 of the Recommendation, a citation is updated to read as follows: *Hughes v. Dretke*, 412 F.3d 582, 593-94 (5th Cir. 2005).

might serve in prison if sentenced to life. (Objections at 6-7.)  Again, he acknowledges that this claim is foreclosed by current Circuit precedent, but objects to preserve this issue for appeal.  The objection is preserved and overruled.

## X.

## SEPARATION OF POWERS

Finally, Petitioner objects to the Recommended denial of his claim that 28 U.S.C. § 2254 violates the Separation of Powers Doctrine. (Objections at 7.)  Again, he acknowledges that this argument is foreclosed by current Circuit precedent, but objects to preserve this issue for appeal. The objection is preserved and overruled.

## XI.

## CONCLUSION

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court **adopts and incorporates by reference** the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[7]

---

[7] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

In the event, the petitioner will file a notice of appeal, the court notes that

(X)      the petitioner will proceed *in forma pauperis* on appeal.

( )      the petitioner will need to pay the $455.00 appellate filing fee or submit a motion

to proceed *in forma pauperis*.

**SO ORDERED.**

**SIGNED this 29th day of March, 2010.**


_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

        **(a) Certificate of Appealability.** The district court must issue or deny a certificate
of appealability when it enters a final order adverse to the applicant. Before entering the final
order, the court may direct the parties to submit arguments on whether a certificate should
issue. If the court issues a certificate, the court must state the specific issue or issues that
satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the
parties may not appeal the denial but may seek a certificate from the court of appeals under
Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the
time to appeal.

        **(b) Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) governs the time to
appeal an order entered under these rules. A timely notice of appeal must be filed even if the
district court issues a certificate of appealability.